UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                        Case No. 20-CR-30

JOSE GONZALEZ-COLLADO, et al.,
        Defendant.

## ORDER DENYING MOTION FOR SEVERANCE

Jose Gonzalez-Collado seeks immediate severance of his case from his 25 co-defendants. (ECF No. 257.) He seeks severance in the hope that it will lead to the government turning over only the discovery that applies to him, relieving him of the burden of having to sift through the discovery relevant to only to his co-defendants. (ECF No. 257 at 4.)

Collado does not dispute that joinder is proper under Fed. R. Crim. P. 8. Nonetheless, "[i]f the joinder of offenses or defendants in an indictment … appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

"In all but the 'most unusual circumstances,' the risk of prejudice arising from a joint trial is 'outweighed by the economies of a single trial in which all facets of the

crime can be explored once and for all.'" *United States v. Spagnola*, 632 F.3d 981, 987 (7th Cir. 2011) (quoting *United States v. Alviar*, 573 F.3d 526, 539 (7th Cir. 2009)). "There is a strong preference that co-conspirators be jointly tried, particularly where, as here, they were indicted together." *Id.*

Collado and his co-defendants are charged together in a common conspiracy. In this regard, the actions of all defendants are relevant to Collado's culpability. *Cf. Pinkerton v. United States*, 328 U.S. 640 (1946). Thus, severance would not pare down the discovery relevant to Collado.

Granted, a joint trial creates certain concerns. *See, e.g.*, *Bruton v. United States*, 391 U.S. 123, 135-37, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968). But holding 26 separate trials is grossly inefficient notwithstanding the difficulties of joint trials (which Judge Stadtmueller has stated will not include more than four defendants at a time (ECF No. 215 at 4)). Therefore, Collado has not demonstrated that immediate severance under Rule 14 is appropriate. The remainder of Collado's motion relates to scheduling matters, which are pending before Judge Stadtmueller.

**IT IS THEREFORE ORDERED** that Jose Gonzalez-Collado's motion for immediate severance (ECF No. 257) is **denied**.

Dated at Milwaukee, Wisconsin this 27th day of April, 2020.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge